UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAKHMAN SUSURKAEV,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Attorney General of the United States; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; MICHAEL NESSINGER, Warden of Wyatt Detention Facility; DAVID WESLING, Acting Field Office Director, Enforcement and Removal Operations, Boston Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director Immigration & Customs Enforcement,<br><br>Respondents. | C.A. No. 26-cv-789-MRD-AEM |

**ORDER**

MELISSA R. DUBOSE, United States District Judge.

Before the Court is Rakhman Susurkaev's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he seeks immediate release from immigration detention. *See generally* ECF No. 1. Petitioner, a citizen of Russia, has lived in the United States since June 25, 2022. *Id.* ¶ 13. On June 27, 2022, he was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). *Id.* ¶ 32. He lived without issue in Massachusetts until August 3, 2025, when he was arrested by Immigration and

Customs Enforcement ("ICE"). *Id.* ¶ 13. He has been detained at Donald W. Wyatt Detention Facility, in Central Falls, Rhode Island, ever since. *Id.* In the instant Petition, he alleges that the Respondents' delay in adjudicating two appeals he has pending before the Board of Immigration Appeals ("BIA") has unreasonably prolonged his detention resulting in violation of his substantive due process rights under the Fifth Amendment. ECF No. 1 at 1. During the pendency of this action, those appeals have been resolved, rendering this case moot. *See* ECF No. 9; ECF No. 9-1; ECF No. 9-2. Still, Petitioner complains his detention has been unlawfully prolonged such that he should be afforded immediate release. ECF No. 9. After carefully considering the parties' filings, and while Petition is properly denied without prejudice as moot, the Court writes here to explain why, even in the face of the represented changed circumstances, this Court cannot grant Petitioner the relief he seeks.

This case has a complicated procedural history which is central to the disposition of the Petition. Upon entering the United States in June 2022, Petitioner filed an application for asylum. ECF No. 1 ¶ 32. This asylum application was denied by an Immigration Judge ("IJ") on November 24, 2025. *Id.* ¶ 36; ECF No. 4-1. At that time, the IJ ordered Petitioner removed to Russia. ECF No. 4-1 at 4. Petitioner appealed the IJ's denial of his asylum application to the BIA on December 24, 2025. ECF No. 1 ¶ 36.

On April 24, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus ("Petition I") in this Court. *See Susurkaev v. Blanche*, 26-cv-250 (*Susurkaev I*). In

Petition I, Petitioner argued he was unlawfully detained under 8 U.S.C. § 1225(b). *Susurkaev I,* ECF No. 1 at 1. In opposing Petition I, Respondents argued that Petitioner was being lawfully detained under 8 U.S.C. § 1226(c) because he was subject to a pending FBI investigation related to fraud and money laundering. *Susurkaev I*, ECF No. 6 at 1–3. As evidence, Respondents submitted an FBI Letterhead Memorandum. *Susurkaev I*, ECF No. 6-1 at 3. Following a hearing on the matter, this Court ordered Respondents to schedule a bond hearing in immigration court, concluding "whether Petitioner is properly detained under 8 U.S.C. § 1226(c) must be decided by an Immigration Judge." *Susurkaev I*, Text Order dated May 8, 2025. That bond hearing took place on May 26, 2026. *Susurkaev I*, ECF No. 10-1. Even so, rather than deciding whether Petitioner was subject to mandatory detention under Section 1226(c)—which it appears the Respondents did not raise at all during the hearing, ECF No. 1 at 7–9—the IJ denied Petitioner's request for bond under the framework set out in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). ECF No. 4-2 at 5–6. The IJ concluded that Respondents had demonstrated by clear and convincing evidence that the Petitioner is a danger to the community and, by a preponderance of the evidence, a flight risk. *Id.* In doing so, the IJ primarily and almost exclusively relied on the FBI Letterhead Memorandum. *Id.* Petitioner appealed the IJ's bond decision to the BIA on June 25, 2026. ECF No. 1-9.

On November 18, 2026, the BIA dismissed both Petitioner's appeals. *See* ECF No. 9; ECF No. 9-1; ECF No. 9-2. Petitioner thereafter filed a "Notice of Changed

Circumstances" with this Court. ECF No. 9. Therein, Petitioner's counsel indicates her intent to file a Motion to Reopen with the BIA as well as a Petition for Review and a Motion for Stay of Removal with the United States Court of Appeals for the First Circuit. ECF No. 9 at 2.

The course of action Petitioner proposes in his Notice of Changed Circumstances appears to be a proper way for him to continue exercising his rights and pressing for the relief he seeks. First, after filing an appeal with the First Circuit, Petitioner is entitled to request a stay of his removal. *See* 8 U.S.C. § 1252(b)(3)(B). Meanwhile, in their Response to Petitioner's Notice of Changed Circumstances, Respondents represent that the order of removal that was entered by the IJ on November 24, 2025 is now administratively final under 8 C.F.R. § 1241.1(a). ECF No. 10 at 1. This considered, Respondents say, "the 90-day removal period commences today, November 18, 2026, and concludes on or around Tuesday, February 16, 2027." *Id.* (citing 8 U.S.C. § 1231(a)(1)(B)). In their view, Petitioner is subject to mandatory detention during this period under 8 U.S.C. § 1231(a)(1)(A), which applies once an individual is "ordered removed." As of this filing, this position is correct under the law.

What Respondents fail to consider is the effect of Petitioner's anticipated motion to stay his removal, to be filed in the First Circuit. If granted, the stay will render § 1231 inapplicable to Petitioner until the Circuit issues a decision on the forthcoming petition for review. 8 U.S.C. § 1231(a)(1)(B)(ii). If this happens, 8 U.S.C. § 1226(a) will once again govern Petitioner's detention. *See Dondoni v. Moniz*, No.

1:25-CV-13438-IT, 2025 WL 3470501, at *3 (D. Mass. Dec. 3, 2025) (detailing the interplay of § 1231 and § 1226 during the pendency of an appeal of a removal order). Under that provision, Petitioner is entitled to a bond hearing. 8 U.S.C. § 1226(a); *see D'Ambrosio v. McDonald*, 793 F. Supp. 3d 271, 276 (D. Mass. 2025) ("[U]ntil the reviewing court issues its final order, the noncitizen's detention is subject to § 1226(a), not § 1231."); *see also Reid v. Donelan*, 64 F. Supp. 3d 271, 276 (D. Mass. 2014).

The Court is, of course, aware that Petitioner already had a bond hearing under § 1226(a), that the IJ denied bond, and the BIA dismissed his appeal from that decision. But these decisions were made with the evidence of the open FBI investigation. Before this Court, Petitioner argues the BIA failed to consider his changed circumstances—thus marring that decision—but the BIA did not have the benefit of this evidentiary update.[1] His anticipated Motion to Reopen can place this change in circumstances squarely before the BIA—the Court with the jurisdiction to consider it. ECF No. 9 at 3–4. In the meantime, this Court cannot disturb the two

[1] The changed circumstances at issue are as follows:

When Petitioner was initially detained by ICE in August 2025, he was the subject of an investigation related to an international money laundering scheme. ECF No. 1-7. This investigation is memorialized in an FBI Letterhead Memorandum that was shared with ICE. *Susurkaev I*, ECF No. 6-1 at 3. Earlier in this case, Respondents notified the Court that the FBI had represented to them that its investigation of Petitioner is now closed. ECF No. 4 at 2. Petitioner was never charged with any crime. Nevertheless, both the IJ and the BIA considered the investigation and potential criminal charges against Petitioner when denying him bond and upholding that denial, respectively. *See* ECF No. 1-7; ECF No. 4-2; ECF No. 9-2. Petitioner's counsel believes this changed circumstance warrants Petitioner's release, or at least a renewed review of his bond determination. ECF No. 9 at 2. Accordingly, Petitioner's counsel is entitled to file a Motion to Reopen with the BIA to request an opportunity to argue for a favorable exercise of discretion.

immigration courts' bond determinations, regardless of what evidence it considered, as 8 U.S.C. § 1226(e) divests this Court of jurisdiction to review the discretionary judgments made in that forum. As the Court understands it, § 1226(e) bars this Court's consideration of Petitioner's changed circumstances, as to do so would require it to now weigh evidence submitted to this docket and discredit the record that was before the immigration judge and the BIA. In effect, unilaterally releasing Petitioner would strip the immigration court of its authority to issue and review its bond decisions. The BIA is the correct forum to introduce Petitioner's changed circumstances and to reevaluate whether Petitioner should be released on bond.

All this considered, the Petition is moot and must be DENIED without prejudice. In doing so, the Court notes its grave concern with the fifteen-months of detention Petitioner has already endured. In other contexts, this length of detention has been deemed unreasonable. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 702 (2001) (establishing a six-month benchmark for determining the reasonableness of continued detention following a final order of removal); *see also, e.g., Fils-Aime v. FCI Berlin, Warden*, 808 F. Supp. 3d 218 (D.N.H. 2025) (finding fourteen-month length of detention during which the petitioner was first being detained under 8 U.S.C. 1225(b) and then § 1231 to be unreasonable such that the petitioner was entitled to a bond hearing). However, the Court must also acknowledge that Petitioner has been afforded a bond hearing and appellate review of that decision. Petitioner has also taken advantage of many avenues of relief available to him, both through the immigration court's appeal process and this Court's habeas review. He has stated his

intention to file both a motion to reopen with the immigration court and an appeal and motion to stay his removal with the First Circuit. These processes necessarily take time. *Cf. G.P. v. Garland,* 103 F.4th 898, 902 (1st Cir. 2024) (recognizing that immigration detention may extend beyond the six-month presumptively reasonable period established in *Zadvydas v. Davis* without becoming unlawful where removal proceedings remain pending, there is no evidence of bad faith or undue delay by the agency, and removal remains reasonably foreseeable); *see also Demore v. Kim*, 538 U.S. 510, 523, 529–30 (2003) (acknowledging immigration detention may extend for a limited time during removal proceedings). And, as the Supreme Court has explicitly recognized, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore,* 538 U.S. at 523. The current Petition is premised on the fact that Petitioner's BIA appeals were pending for an unreasonable duration of time, rendering his detention unconstitutional. Those appeals are now resolved. The Petition is thus moot. While sensitive to Petitioner's situation, given this case's current posture, this Court cannot grant the relief Petitioner seeks from it, namely immediate release from detention.

IT IS SO ORDERED.

MELISSA R. DUBOSE
United States District Judge

11/20/2026